RYERSON v. RYERSON.

(Supreme Court, General Term, Second Department. February 12, 1890.)

1. TROVER—DEMAND—REFUSAL.
    Where demand for the delivery of goods is made on a person, who replies that he will consult a lawyer, goes to the lawyer's office, and after his return makes no proposal to deliver the goods, though he frequently meets the person who made the demand, his silence and inaction are equivalent to a refusal to deliver.

2. SAME—AUTHORITY OF AGENT—EVIDENCE.
    Evidence of the conversation by which the agent who demanded delivery of the goods was authorized to receive them is competent to show such authority.

3. SAME—ACTION BY WIFE AGAINST HUSBAND.
    In New York, the wife may maintain an action against her husband for conversion of her property.

Appeal from judgment on report of referee.

Action by Milly Ann Ryerson against her husband, Edmond F. Ryerson, for tort in conversion of her property. The case was referred, and the referee made his report in favor of plaintiff. From a judgment entered on this report defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

M. N. Kane, (J. J. Beattie, of counsel,) for appellant. F. V. Sanford, (Geo. W. Greene, of counsel,) for respondent.

PRATT, J.   The testimony of the agent that he delivered to defendant the written demand of plaintiff for the goods in question sufficiently shows a refusal to deliver.   Defendant said he would consult a lawyer, went to the lawyer's office, and after his return made no proposal to deliver the goods, although the parties met on numerous occasions.   Under the circumstances, silence and inaction were equivalent to a refusal.

The admission of the evidence of the conversation by which the agent was authorized to receive the goods was not error.   It was not introduced "to bind the defendant," but to show that the agent had authority to demand and receive the goods, and was competent for the purpose.   It is of the same nature as was the written paper which gave such authority.

Upon the question of the ownership of the property, the evidence was conflicting.   The referee did not follow the evidence of either party in its entirety.   It is evident that the testimony was carefully weighed, and, so far as we can judge from the printed record, a correct result has been reached.

We do not understand the recent decisions cited by appellant to determine that a wife cannot maintain an action against her husband for tortious acts respecting the wife's property.   If it be that a husband is properly made a defendant in an action brought by a third party for the wife's tort, we do not think it necessarily follows that a wife cannot maintain an action against him for an injury to her rights of property.   Judgment affirmed, with costs.